UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
FREEDOM MORTGAGE CORPORATION,  :
            Plaintiff,  :
v.  :    **ORDER**
  :
SHEINDY BRODY,  :    19 CV 8938 (VB)
            Defendant.  :
--------------------------------------------------------------x

       On September 26, 2019, plaintiff Freedom Mortgage Corporation commenced the instant residential foreclosure action against defendant Sheindy Brody. (Doc. #1).

       On November 14, 2019, the Court received notice that defendant Sheindy Brody and non-party Chaim Brody (together, "co-debtors") filed a Chapter 13 Voluntary Petition for bankruptcy in the U.S. Bankruptcy Court for the Southern District of New York. See In re Brody, No. 19-23964 (Bankr. S.D.N.Y).

       By Order dated November 15, 2019, the Court acknowledged that the instant proceeding was automatically stayed in view of co-debtors' bankruptcy filing. (Doc. #14).

       By letter filed August 4, 2020,[1] plaintiff's counsel informed the Court that on June 15, 2020, the bankruptcy court entered an Order confirming co-debtors' Chapter 13 plan of reorganization. (Doc. #19). "According to the plan, the co-debtors will make post-petition payments in the amount of $2,640.87 to Freedom Mortgage Corporation and pay the pre-petition arrearage amount of $31,256.00 by paying $500 per month for 30 months and $860 per month for 30 months." (Id.).

       As the bankruptcy court has confirmed co-debtors' Chapter 13 plan, the Court questions whether the instant action is now moot and will remain moot once co-debtors receive a discharge from the bankruptcy court.

       Accordingly, by August 12, 2020, plaintiff's counsel shall notify the Court in writing whether the bankruptcy court's confirmation of co-debtors' Chapter 13 plan renders this action moot, and thus, whether this action should be dismissed without prejudice.

---

[1]    The letter is dated April 29, 2020, which appears to be a typographical error.

As an additional matter, the only attorney of record for plaintiff in this matter appears no longer to be associated with plaintiff's counsel's firm, and plaintiff's counsel, Stephen J. Vargas, Esq., has not filed an appearance on the ECF docket. Therefore, also by August 12, 2020, Mr. Vargas shall file a notice of appearance in this matter.

Dated: August 5, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge