UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
FREEDOM MORTGAGE CORPORATION,   :
                   Plaintiff,   :    **ORDER OF DISMISSAL**
v.                            :    **WITHOUT PREJUDICE**
                            :
SHEINDY BRODY,              :    19 CV 8938 (VB)
                Defendant.   :
-------------------------------------------------------------x

       On September 26, 2019, plaintiff Freedom Mortgage Corporation commenced the instant residential foreclosure action against defendant Sheindy Brody. (Doc. #1).

       On November 14, 2019, the Court received notice that defendant and non-party Chaim Brody (together, "co-debtors") filed a Chapter 13 Voluntary Petition for bankruptcy in the U.S. Bankruptcy Court for the Southern District of New York. See In re Brody, No. 19-23964 (Bankr. S.D.N.Y).

       By Order dated November 15, 2019, the Court acknowledged that the instant proceeding was automatically stayed in view of co-debtors' bankruptcy filing. (Doc. #14).

       By letter filed August 4, 2020, plaintiff's counsel informed the Court that on June 15, 2020, the bankruptcy court entered an Order confirming co-debtors' Chapter 13 plan of reorganization. (Doc. #19). "According to the plan, the co-debtors will make post-petition payments in the amount of $2,640.87 to Freedom Mortgage Corporation and pay the pre-petition arrearage amount of $31,256.00 by paying $500 per month for 30 months and $860 per month for 30 months." (Id.).

       Because the bankruptcy court confirmed co-debtors' Chapter 13 plan, which included certain terms by which defendant would pay to plaintiff pre-petition arrears and post-petition payments, the Court questioned whether there remained a live case or controversy predicated on the allegations in plaintiff's complaint. Accordingly, by Order dated August 5, 2020, the Court instructed plaintiff to notify the Court whether this case should be dismissed without prejudice.

       By letter dated August 5, 2020, plaintiff's counsel requests the Court keep the instant action open until co-debtors make all anticipated Chapter 13 plan payments to plaintiff (i.e., for five years).

       The Court declines to do so. A confirmed Chapter 13 plan acts as a contract between debtors and their creditors. In re Lemma, 394 B.R. 315, 322–23 (Bankr. S.D.N.Y. Sept. 29, 2008) (citing 11 U.S.C. § 1327(a) ("The provisions of a confirmed plan bind the debtor and each creditor.")). Because co-debtors' Chapter 13 plan has been confirmed, it appears any action premised on plaintiff's right to foreclose must be premised not only on a default of the note and mortgage, but also on defendant's failure to make necessary payments pursuant to the Chapter 13 plan.

Accordingly, because there appears no ground upon which the instant foreclosure action may proceed at this time (and because, going forward, there may never be), this case is DISMISSED WITHOUT PREJUDICE to refiling in the event plaintiff's right to foreclose again becomes apparent.

The Clerk is instructed to close this case.

Chambers will mail a copy of this Order to defendant at the following address:

Sheindy Brody
30 Monsey Heights Road
Airmont, NY 10952

Dated:  August 6, 2020
        White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

2